PENTRICH v. DOSTAL FOUNDRIES

WORKMEN'S COMPENSATION—PRIOR EMPLOYER—APPORTIONMENT OF
LIABILITY—TOTAL PERIOD OF EMPLOYMENT.

> Whenever a party is found to be a "prior employer" within the
> meaning of the workmen's compensation act, liability for work-
> men's compensation is to be apportioned among the employers
> by taking into account the total period of employment, regard-
> less of whether a portion of that employment occurred more
> than ten years prior to the date of the disability (MCLA
> § 417.9).

Appeal from Workmen's Compensation Appeal
Board. Submitted Division 1 November 4, 1970, at
Detroit. (Docket No. 7,977.) Decided December 1,
1970.

Complaint by Charles Pentrich against Dostal
Foundries and Employers Mutual of Wausau and
Warren Non-Ferrous Foundry and Liberty Mutual
Insurance Company for workmen's compensation.
Award granted. Defendants Warren Non-Ferrous
Foundry and Liberty Mutual Insurance Company
appeal the apportionment of the award. Reversed
and remanded.

REFERENCES FOR POINTS IN HEADNOTE

58 Am Jur, Workmen's Compensation § 342.
Workmen's Compensation: termination of employment before oc-
currence of disability or disease attributable to employment as
affecting right to compensation. 104 ALR 1210.

*Rothe, Marston, Mazey, Sachs & O'Connell, P. C.,* for plaintiff.

*Richardson, Gazdecki, Ranucci & Galin* (by *Sharrel J. Wyatt*), for defendants Dostal Foundries and Employers Mutual of Wausau.

*LeVasseur, Werner, Mitseff & Brown,* for defendants Warren Non-Ferrous Foundry and Liberty Mutual Insurance Company.

Before: Lesinski, C. J., and J. H. Gillis and Beasley,* JJ.

Lesinski, C. J. Defendant-appellant Warren Non-Ferrous Foundry, by leave of this Court, appeals the decision of the Workmen's Compensation Appeal Board affirming the award and decision of a referee.

The referee determined that plaintiff was totally disabled on November 11, 1966, from advanced pulmonary emphysema and fibrosis. Plaintiff was employed for 14–1/2 years by defendant Dostal Foundries, from January 1946 to June 30, 1960; defendant Warren Foundry retained plaintiff in its employ for six years and four months, from July 1960 to November 11, 1966. Defendant Warren Foundry does not challenge the amount of the award but contends on appeal that the award was incorrectly apportioned between the employers. MCLA § 417.9 (Stat Ann 1968 Rev § 17.228), was the then applicable statutory provision.[1] It reads in pertinent part:

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] The prior workmen's compensation act, MCLA § 417.1 *et seq.* (Stat Ann 1968 Rev § 17.220 *et seq.*), has been superseded by new legislation, MCLA § 418.101 *et seq.* (Stat Ann 1970 Cum Supp § 17.237[101] *et seq.*). The new apportionment provision, MCLA § 418.435 (Stat Ann 1970 Cum Supp § 17.237[435]), is a reenactment of the statute in question in this appeal.

"The total compensation due shall be recoverable from the employer who last employed the employee in the employment to the nature of which the disease was due and in which it was contracted.  If any dispute or controversy arises as to the payment of compensation or as to liability therefor, the employee shall give notice to and make claim upon the last employer only and apply for a hearing against the last employer only.  If the employee was employed by prior employers in an employment to the nature of which the disease was due and in which it was contracted, then the workmen's compensation department on motion made in writing by the last employer shall join any or all prior employers, mentioned in said motion, as parties-defendant.  *A 'prior employer', for purposes of this section, means an employer who has employed the employee for 6 months or longer during the 10 years preceding the date upon which the employee was last subjected to the conditions resulting in disability."*  (Emphasis supplied.)

The referee and appeal board construed the above section to mean that the period of employment (which necessarily determines what share of the award each liable employer must bear) was limited to ten years prior to the date of plaintiff's disability. It was concluded that, even though plaintiff worked for Dostal Foundries for over 14 years, only the last 30 months, a period after November 11, 1956, (*i.e.*, within ten years prior to the date of disability) could be counted in apportioning the award among the employers.

We find ourselves unable to accept this interpretation of the statute.  The above-emphasized portion of the statute merely defines who is to be liable as a "prior employer".  While this section delineates liable employers, it does not delimit the prior employer's liability to employment ten years before

the injury. Furthermore, the statute itself mandates that the burden of the award be proportionally distributed among the employers in relation to the length of time the employee served his employer. MCLA § 417.9 also provides in part:

"The department shall apportion liability for compensation among the several employers in proportion to the time that the employee was employed in the service of each employer in the employment to the nature of which the disease was due and in which it was contracted and shall enter a separate order in favor of the last employer and against prior employers for their proportionate share of liability, which order may be enforced in the same manner as an award for compensation."

We hold that whenever a party is found to be a "prior employer" within the meaning of the act, liability is to be apportioned among the employers by taking into account the total period of employment, regardless of whether or not a portion of that employment occurred more than ten years prior to the date of the disability.

We need not pass upon the question presented by defendant Warren Foundry relating to its reimbursement rights under MCLA § 417.5 (Stat Ann 1968 Rev § 17.223[1]), inasmuch as defendant has abandoned this issue on appeal because the Department of Labor has recently notified defendant that the agency now recognizes defendant's claim.

Reversed and remanded. No costs, a public question being involved.

All concurred.